UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

COMPOSITION ROOFERS LOCAL
NO. 42 PENSION FUND, et al.,　　　　　　　　　　　Case No. 1:10-cv-622

　　　　Plaintiffs,　　　　　　　　　　　　　　　　Dlott, J.
　　　　　　　　　　　　　　　　　　　　　　　　　Bowman, M.J.

　　v.

BREESE COMPANY,

　　　　Defendant.

## REPORT AND RECOMMENDATION

**I. Background**

Plaintiffs initiated this litigation on September 13, 2010, alleging that Defendant has failed to make employee pension fund contributions as required by the terms of a Collective Bargaining Agreement, Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2) and Section 301 of the Labor Management Relations Act of 1947 (LMRA), as amended 29 U.S.C. §185(a).

On November 4, 2010, summons was returned as executed against Defendant Breese Company. When Defendant failed to timely answer, the Clerk of Court filed an entry of default pursuant to Rule 55(a), Fed. R. Civ. P. (Doc. 8). On January 27, 2011, Plaintiffs moved for entry of default judgment under Rule 55(b) against the same Defendant (Doc. 10). Defendant has failed to file any response to the motion for default judgment, which motion has been referred to the undersigned magistrate judge pursuant to local practice. *See* 28 U.S.C. §636(b)(1)(A).[1]  I now recommend that Defendant's motion be granted.

---

[1] A motion for default judgment is dispositive.  *See Victoria Secret Stores v. Artco Equipment Co.*, 194 F. Supp.2d 704, 714 (S.D. Ohio 2002).

## II. Analysis

Plaintiffs include two benefit trust funds affiliated with Plaintiff Composition Roofers Local Union No. 42 ("union"). Defendant is a member of the union and therefore subject to the collective bargaining agreement ("CBA"). The two trust funds are established under and administered pursuant to Section 302 of the LMRA and ERISA. Plaintiffs' complaint alleges that Defendant is liable for delinquent fringe benefit contributions required to be paid under the CBA between Local 42 and Defendant.

Plaintiffs now seek entry of a default judgment for a sum certain - a fixed, calculable amount of contributions owed for the period August 2009 through July 2010, plus attorney fees, costs, liquidated damages, and interest for a total sum of $107,471.24 through the date of the motion. In support of their motion, Plaintiffs have submitted the affidavit of Robert Voegeli, Plan Administrator for the first Plaintiff fund, the Composition Roofers Local No. 42 Pension Fund (Doc. 10 at 8) as well as the affidavit of Ellen Densborn, Fund Administrator for the second Plaintiff trust fund, the Indiana State Council of Roofers Health and Welfare Fund.

> Rule 55(b)(1) provides:
>
> If the plaintiff's claim is for a sum certain or for a sum that can be made certain by computation, the clerk --on the plaintiff's request, with an affidavit showing the amount due– must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

*Id.* In addition, Rule 55(b)(2) provides for entry of default judgment by the court upon application "[i]n all other cases," where additional investigation or hearing is required, such as where the claim is not for a sum certain, or where the defaulting party is a minor or

incompetent person, or where the party against whom a default judgment is sought has appeared personally or by a representative.

Plaintiffs have requested judgment against Defendant Breese Company for the sum certain of $107,471.24, comprised of $90,959.28 in principal, $7,681.55 in liquidated damages, $6,800.41 in interest (through January 20, 2011), $350.00 in costs, and $1680.00 in attorney fees. Plaintiffs also request that any judgment entered against Defendant reflect the continued accrual of interest in the amount of $909.59 per month following the date of January 20, 2011.

The affidavits submitted by the two trust funds support the claimed amounts in principal, liquidated damages, and interest. The request for liquidated damages is provided for by statute, if included in the CBA. 29 U.S.C. §1132(g)(2)(C)(ii). Plaintiffs have attached a copy of the CBA to their complaint, which provides on page 4 as follows: "In the event such contributions are not received by the due date, liquidated damages in the sum of ten percent (10%) of the unpaid contributions owing or unpaid by the due date shall automatically be due and payable together with interest computed at the rate of 12 percent (12%) per annum, and together will all costs [sic] incurred by the Trust Fund." (Doc. 1-1 at 5). Last, Plaintiffs' counsel has filed an affidavit to support the request for costs and fees (Doc. 10 at 10), which the undersigned also finds to be reasonable.

In short, the Court has reviewed Plaintiffs' request for default judgment and is satisfied of the following in accordance with Rule 55(b)(1) and (b)(2), Fed. R. Civ. P.: (1) that Plaintiffs' claim is for a sum certain; (2) that the Defendant is not a minor and is not incompetent; and (3) that Defendant has not appeared personally or by counsel. Therefore, Plaintiffs' motion should be granted and a judgment should be entered against Defendant.

*Accord Ironworkers District Council of So. Ohio & Vicinity Benefit Trust v. Reinforcing Services Co., LLC*, Case No. 3:09-cv-067, 2009 WL 4154905 (S. D. Ohio, Nov. 20, 2009)(holding that amount of unpaid employer contributions, interest, and liquidated damages were sums certain that could be included in default judgment brought by plans against employer who signed CBA).

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT:**

1. Plaintiffs' motion for default judgment (Doc. 10) be **GRANTED**; and that

2. Judgment be entered against Defendant in the total amount of $107, 471.24, plus $909.59 in interest per month after January 20, 2011 until such time as final judgment is paid, as damages are a sum certain and Affidavits supporting the amount due have been submitted and reviewed.

          *s/ Stephanie K. Bowman*
          Stephanie K. Bowman
          United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| COMPOSITION ROOFERS LOCAL<br>NO. 42 PENSION FUND, et al., | Case No. 1:10-cv-622 |
| Plaintiffs, | Dlott, J.<br>Bowman, M.J. |
| v. | |
| BREESE COMPANY, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).